**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4610
_____

OSITA HILARY UZOKA,
AKA Hilary Fidelis,
AKA Osita Uzoka,
AKA Uzoka Osita,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A71-870-675)
Immigration Judge:  Honorable Leo Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2012

Before: JORDAN, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: July 26, 2012)
_____

OPINION
_____

PER CURIAM

        Petitioner Osita Hilary Uzoka, proceeding pro se, seeks review of a final order of

removal.  For the reasons that follow, we will deny his petition for review.

# I.

Uzoka, a citizen of Nigeria, first entered the United States in 1986 on a student visa; he made subsequent entries in 1992 and 1994. In December 2005, he became a lawful permanent resident through his citizen wife. In October 2008, Uzoka was convicted of a second degree offense of endangering the welfare of a child under N.J. Stat. Ann. § 2C:24-4(a). He was sentenced to five years of imprisonment, and he is now in the custody of the Department of Homeland Security ("DHS"). DHS began removal proceedings, and Uzoka applied for cancellation of removal, asylum, withholding and deferral of removal, and protection under the Convention Against Torture ("CAT").

In May 2011, the Immigration Judge ("IJ") sustained one of the charges against Uzoka, finding that he had been convicted of an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(A) (in this case, relating to the sexual abuse of a minor). Thus, the IJ concluded, Uzoka was statutorily ineligible for cancellation of removal and asylum. See 8 U.S.C. §§ 1229b(a)(3), 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i). The IJ also determined that Uzoka's conviction was presumptively a "particularly serious crime," and, on that basis, denied withholding of removal under either 8 U.S.C. § 1231(b)(3)(B)(ii) or the CAT.

Finally, the IJ considered Uzoka's request for deferral of removal under the CAT. The IJ acknowledged the evidence of human rights abuses in Nigeria, including at the hands of law enforcement officials against militant groups, criminal suspects, and members of particular tribal and regional groups. The IJ also considered Uzoka's

2

testimony that he will be shunned by his family, targeted by vigilante groups, persecuted for his Christian religious beliefs, and tortured by the government under a law known as "Decree 33."[1] The IJ ultimately concluded, however, that Uzoka had failed to establish that he would be subjected to torture if removed to Nigeria. The Board of Immigration Appeals ("BIA") dismissed his appeal. Uzoka filed a timely pro se petition for review and a motion for a stay of removal. The government filed a response opposing the stay and a motion to dismiss. We denied the stay motion, and we now deny the motion to dismiss.

## II.

The government seeks to have the petition for review dismissed, claiming that this Court lacks jurisdiction to review the final order of removal entered against Uzoka. See 8 U.S.C. § 1252(a)(2)(C). This Court is precluded from exercising "jurisdiction to review any final order of removal against an alien who is removable by reason of" a conviction for any aggravated felony, as well as certain controlled substance violations. 8 U.S.C. § 1252(a)(2)(C); see also Calcano-Martinez v. INS, 533 U.S. 348, 351 (2001). However, this Court retains jurisdiction to determine jurisdictional facts, including whether a petitioner is an alien, or, as in this case, whether he committed an aggravated felony. See Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001).

---

[1]Apparently, "Decree 33" requires that criminal deportees who have been convicted of drug offenses are to be detained upon their return to Nigeria, where they may be subjected to prosecution.

In In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 995-96 (1991), the BIA concluded that 18 U.S.C. § 3509(a)(8)[2] was "a reasonable interpretation" of the INA's "sexual abuse of a minor." We also found, in Stubbs v. Att'y Gen., 452 F.3d 251, 255 (3d Cir. 2006), that the statute that Uzoka was convicted under, N.J. Stat. Ann. § 2C:24-4(a), does not necessarily constitute "sexual abuse of a minor" under the INA. Unlike § 3509(a)(8), N.J. Stat. Ann. § 2C:24-4(a), "does not necessarily require that an act with a child took place." Stubbs, 452 F.3d at 256. Thus, as in Stubbs, the IJ and BIA properly considered the charging documents and indictment to determine whether Uzoka's conviction constituted an aggravated felony. See Stubbs, 452 F.3d at 254 (N.J. Stat. Ann. § 2C:24-4(a) invites inquiry into facts beyond charging statute to determine whether conviction constitutes an aggravated felony).

Uzoka's record of conviction is distinguishable from the petitioner in Stubbs. In Stubbs, the only detail of the conviction available was the charge identified in the indictment that the petitioner had "engage[d] in sexual conduct which would impair or debauch the morals of the child." Id. at 252 n.1. In contrast, the charge that Uzoka was convicted of—Count 12—contains specific allegations describing his conduct. Count 12 read: "[B]etween on or about the 18th day of November, 2001 and the 17th day of November, 2002, . . . [Uzoka] did knowingly engage in sexual conduct: to wit touched

---

[2]Section § 3509(a)(8) defines "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."

the breasts of T.L., date of birth 11/18/89, while the said Osita Uzoka, had a legal duty or had assumed the responsibility of caring for T.L." (A.R. 321.) The victim was approximately twelve years old and was Uzoka's stepdaughter, he had assumed responsibility of caring for her, and he had engaged in sexual conduct with or against her, as defined in § 5509(a)(8) and (9). Thus, Uzoka's conviction qualifies as an "aggravated felony"—in this case, the sexual abuse of a minor—under 8 U.S.C. § 1101(a)(43)(A). Accordingly, we may exercise jurisdiction over Uzoka's constitutional claims or questions of law only. See 8 U.S.C. § 1252(a)(2)(D).

Uzoka's claim that the removal order is based on a not-yet-final (due to his pending post-conviction petition), and ultimately invalid, conviction presents a legal argument that this Court would have jurisdiction to consider. However, there is no indication that he asked the IJ or BIA for a continuance of the proceedings (and was denied) so that he could pursue post-conviction relief, and it appears that Uzoka did not exhaust this claim to the IJ and the BIA. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (exhaustion requirement is jurisdictional). Accordingly, this Court lacks jurisdiction to address it. In any event, his underlying criminal proceedings have not been "reopened," as he alleges. Rather, he filed a petition for post-conviction relief, which is currently pending. Based on the record available at this time, there is not enough information to know what claims he raised in his post-conviction petition, including whether he raised a claim under Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

5

Uzoka challenges for the first time the finding that his conviction qualifies as an aggravated felony. We retain jurisdiction to review, using a de novo standard, whether "an alien was convicted of a non-reviewable aggravated felony." Restrepo v. Att'y Gen., 617 F.3d 787, 790 (3d Cir. 2010). However, as the BIA noted, Uzoka did not challenge the IJ's determination—during proceedings before the IJ or on appeal to the BIA—that his conviction qualified as an aggravated felony or that he was ineligible for cancellation. Thus, the claim is unexhausted, and we may not review it. See Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012); Abdulrahman, 330 F.3d at 594-95. Even if we did have jurisdiction to review the claim, the BIA properly agreed with the IJ that Uzoka's conviction constituted an aggravated felony, as discussed above.

Uzoka also seeks to challenge the finding that his conviction constitutes a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B). He argues that the BIA failed to consider certain mitigating factors in considering whether his conviction was a particularly serious crime. Such a challenge is a reviewable legal question. See Alaka v. Att'y Gen., 456 F.3d 88, 103-04 (3d Cir. 2006). Because Uzoka received a five-year sentence for his conviction, his conviction is categorically "particularly serious." See, e.g., § 1231(b)(3)(B)(ii) (withholding of removal not available to "alien[s], having been convicted by a final judgment of a particularly serious crime . . ."); Kaplun v. Att'y Gen., 602 F.3d 260, 267 (3d Cir. 2010).

Finally, Uzoka claims that the IJ and BIA erred in denying him deferral of removal under the CAT (which is unaffected by the severity of his conviction). To

qualify for deferral of removal, an alien must establish that it is more likely than not that he will be tortured if removed. See 8 C.F.R. §§ 1208.17(a), 1208.16(c)(2). He must also show that the torture will be inflicted "by or at the instigation of or with the consent or acquiescence of a public official . . ." See 8 C.F.R. § 1208.18(a)(1).

Uzoka argues that the IJ and BIA failed to properly consider all of his evidence in support of his claim for deferral. We liberally construe this argument as a reviewable due process claim, and exercise plenary review. See Singh v. Gonzales, 432 F.3d 533, 537, 541 (3d Cir. 2006). However, contrary to Uzoka's claims, the record shows that the IJ and BIA did consider his evidence regarding "Decree 33," human rights abuses in Nigeria, religious and tribal tensions, as well as his testimony about his fear of being targeted by vigilante groups. Further, Uzoka's evidence of the violence his family members' have suffered is not persuasive. According to Uzoka, his sister and her baby were innocent bystanders in an attack, and he speculated that his brothers were targeted by vigilantes or because of religious reasons. Thus, Uzoka has failed to demonstrate any due process error.

### III.

For the foregoing reasons, we will dismiss the petition for review in part (to the extent we lack jurisdiction), and deny it in part. In light of our disposition, the government's motion to dismiss is denied as moot.

7