# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10895
c/w No. 14-10897
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO LUVIANO,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-224-1
USDC No. 3:13-CR-486-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following Alejandro Luviano's guilty plea to illegal reentry after deportation, the district court sentenced him to 24 months in prison. The district court also revoked a term of supervised release that had been imposed following Luviano's previous illegal reentry conviction and imposed a consecutive 24-month sentence. Although he filed notices of appeal in both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cases, Luviano's brief in these consolidated appeals challenges only the 24-month revocation sentence. He has therefore waived any challenge to his new illegal reentry conviction and the associated sentence. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

On appeal, Luviano asserts that the district court erred in determining that he had committed "Grade A" violations of his supervised release. He maintains that neither his new illegal reentry offense nor his Texas conviction for possession of heroin qualifies as a Grade A violation under U.S.S.G. § 7B1.1(a)(1). Luviano concedes that he did not object in the district court to the categorization of his supervised release violations and that, therefore, plain error review applies. *See United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010). To establish plain error, Luviano must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Luviano is correct in his assertion that his illegal reentry conviction does not qualify as a Grade A violation. *See* 8 U.S.C. § 1326(b)(1); § 7B1.1(a)(1). Additionally, Luviano's state conviction for simple possession of heroin does not constitute a "controlled substance offense" for purposes of § 7B1.1(a)(1)(A)(ii). *See* § 7B1.1, comment. (n.3) (stating that "controlled substance offense" is defined in U.S.S.G. § 4B1.2); *Salinas v. United States*, 547 U.S. 188, 188 (2006) (concluding that simple possession did not qualify as a "controlled substance offense" under § 4B1.2(b)). The district court sentenced Luviano to 24 months in prison for the revocation, which was within the advisory guidelines range for a Grade A violation but above the range of 12 to 18 months for the Grade B violations that Luviano did commit. Thus, we

No. 14-10895
c/w No. 14-10897

assume that the district court committed clear or obvious error that affected Luviano's substantial rights. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

However, a finding that an error affected the defendant's substantial rights does not automatically require that we exercise our discretion to correct that error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc). As the district court noted, Luviano returned to the United States within 18 months after his most recent removal, thereby committing the same offense that gave rise to the term of supervised release. *See Davis*, 602 F.3d at 650-52. Moreover, Luviano committed an additional offense upon returning to the United States, as was evidenced by his conviction for possession of heroin. Further, the 24-month sentence did not exceed the available statutory maximum. We conclude that affirming the district court's sentence would not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135; *Davis*, 602 F.3d at 650-52. Consequently, the judgment of the district court is AFFIRMED.