# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41146

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

v.

AGUSTIN PATINO-ALMENDARIZ,

> Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-399-1

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

In May 2015, Defendant–Appellant Agustin Patino-Almendariz pleaded guilty under 8 U.S.C. §§ 1326(a) and 1326(b)(1) to unlawfully reentering the United States after having been previously deported for a felony conviction. During sentencing, the district court erred in calculating Patino-Almendariz's total criminal history points and thus imposed a sentence that exceeded the correct sentencing range under the U.S. Sentencing Guidelines (the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41146

"Guidelines"). We hold that the district court's error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, and therefore we AFFIRM.

## I. BACKGROUND

On April 11, 2015, Patino-Almendariz, a citizen of Mexico, was arrested by Border Patrol agents in Cameron County, Texas. This arrest occurred only fifteen days after Patino-Almendariz had been deported on March 27, 2015. Patino-Almendariz did not have permission to reenter the United States. Following the April 2015 arrest, Patino-Almendariz was charged under 8 U.S.C. §§ 1326(a) and 1326(b)(1) with unlawfully reentering the United States after having been deported for a felony conviction. On May 11, 2015, Patino-Almendariz pleaded guilty without a plea agreement.

A presentence report ("PSR") was prepared for the district court based on the 2014 edition of the Guidelines. The PSR indicated that Patino-Almendariz had 13 total criminal history points under U.S.S.G. § 4A1.1. In calculating these points, the PSR took into account the numerous criminal convictions on Patino-Almendariz's record, including convictions for driving while intoxicated, possession of a controlled substance, and unlawful entry into the United States. Among these prior offenses was a 2014 conviction for unlawfully reentering the United States after having been deported for a felony conviction. Patino-Almendariz had been sentenced to 13 months in custody for this 2014 offense. The PSR assigned 3 points to the 2014 unlawful reentry conviction under U.S.S.G. § 4A1.1(a). Importantly, U.S.S.G. § 4A1.1(a) provides that 3 points should be should be added "for each prior sentence of imprisonment exceeding one year and one month."

Based on these and other calculations, the PSR gave Patino-Almendariz a total offense level of 10 and a criminal history category of VI, which resulted in a Guidelines range of 24 to 30 months' imprisonment. Patino-Almendariz

No. 15-41146

did not object to the PSR, either in writing or at his sentencing hearing. The district court adopted the PSR's conclusions and sentenced Patino-Almendariz to 30 months' imprisonment and 3 years of supervised released. Patino-Almendariz now appeals, arguing that he is entitled to resentencing because the PSR erroneously assigned him an extra point for his 2014 unlawful reentry conviction.

## II. STANDARD OF REVIEW

Because Patino-Almendariz did not object to the PSR's calculations during the district court proceedings, we review for plain error. *United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012). To establish plain error, the following must be satisfied:

> (1) there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned; (2) the legal error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantial rights; and (4) if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Escalante-Reyes,* 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (internal quotation marks omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## III. DISCUSSION

### A.     First and Second Prongs

The first and second prongs of the plain error test direct us to determine (1) whether the district court erred and (2) whether that error was "clear or obvious." *Id.* Patino-Almendariz argues, and the Government acknowledges, that he should only have been assigned 2 points for his April 2014 conviction because his sentence did not exceed 13 months' imprisonment. As discussed

above, the Guidelines provide that 3 criminal history points should be added "for each prior sentence of imprisonment *exceeding* one year and one month." U.S.S.G. § 4A1.1(a) (emphasis added). Because Patino-Almendariz's prior sentence was for one year and one month exactly, he should not have been assigned 3 points under § 4A1.1(a); rather, he should have been apportioned only 2 points under U.S.S.G. § 4A1.1(b). This correction would have given Patino-Almendariz 12 total criminal history points, instead of 13, and would have placed him in criminal history category V. U.S.S.G. ch. 5, pt. A. As a result, the correct Guidelines range would have been 21 to 27 months, rather than 24 to 30 months. *Id.* The district court certainly erred by improperly calculating Patino-Almendariz's Guidelines range. "As our conclusion is reached by a straightforward application of the guidelines," the district court's error was clear and obvious. *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010). Thus, we hold that the first two prongs of the plain error analysis are satisfied.

## B.    Third Prong

Next, we address whether the PSR's error affected Patino-Almendariz's substantial rights. To show that an error affected his substantial rights, a defendant "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). In *Molina-Martinez*, the Supreme Court held that "[w]hen a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345. In the absence of any countervailing evidence, we hold that Patino-Almendariz has established that the error in this case affected his substantial rights. Even though the difference was slight, the error shifted Patino-

Almendariz's Guidelines range upward and therefore subjected him to a sentence that exceeded the correct Guidelines range. Accordingly, we hold that the third prong of the plain error analysis is satisfied.

## C.    Fourth Prong

Even though the PSR's miscalculation meets the first three prongs of plain error analysis, the error falls short of meeting the fourth prong's requirements. "The fourth prong of plain error review is not satisfied simply because the 'plainly' erroneous sentencing guideline range yields a longer sentence than the range that, on appeal, we perceive as correct." *United States v. Sarabia-Martinez*, 779 F.3d 274, 278 (5th Cir. 2015). If the first three prongs of the plain error analysis are met, this Court may exercise its discretion to remedy the error "only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Escalante-Reyes*, 689 F.3d at 419 (quoting *Puckett*, 556 U.S. at 135). In other words, this Court's discretion to correct the sentence "should be employed in those circumstances in which a miscarriage of justice would otherwise result." *Id.* at 425 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). "The fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Puckett*, 556 U.S. at 142.

Bearing in mind that the fourth prong of plain error analysis is concerned with preserving "the fairness, integrity or public reputation of judicial proceedings," *Escalante-Reyes*, 689 F.3d at 419 (quoting *Puckett*, 556 U.S. at 135), we are not convinced that vacating the district court's sentence would further those objectives given Patino-Almendariz's extensive criminal record and the relatively small discrepancy between his sentence and the correct Guidelines range. The seriousness of Patino-Almendariz's unlawful reentry into the United States in April 2015 was exacerbated by the fact that he had been deported just fifteen days earlier. Also troubling are Patino-Almendariz's numerous other offenses. He was convicted on three separate

No. 15-41146

occasions for driving while intoxicated, on three separate occasions for public intoxication, and once for possession of a controlled substance. Moreover, Patino-Almendariz has three prior convictions for unlawfully entering the United States—in 2008, 2013, and 2014—and has an additional prior conviction for unlawfully reentering the United States in 2014 in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). Given these facts, we conclude that declining to correct the district court's error would not result in a miscarriage of justice.

## IV. CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.