# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41554
No. 15-41582

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

versus

SANTIAGO SOLANO-HERNANDEZ,

> Defendant–Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas

---

Before JOLLY, SMITH, and PRADO, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Santiago Solano-Hernandez appeals his conviction and sentence for illegal reentry after deportation. He contends that the district court erred in characterizing his New Jersey conviction for "Endangering the Welfare of a Child" as a crime of violence ("COV"). We affirm.

No. 15-41554
No. 15-41582

I.

In 2012, Solano-Hernandez pleaded guilty in the District of New Jersey to illegal reentry after deportation following a conviction for an aggravated felony, 8 U.S.C. § 1326(a) and (b)(2). The plea agreement stipulated that his 1995 New Jersey conviction for third-degree "Endangering the Welfare of a Child" involved the sexual abuse of a minor and was therefore a "crime of violence" as defined by U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2 cmt. n.1(B)(iii). Solano-Hernandez was sentenced to twenty-seven months' imprisonment, as well as a two-year term of supervised release ("SR") that commenced in October 2013. He was deported in November 2013.

In March 2014, Solano-Hernandez was arrested for illegally entering the United States and was deported without prosecution the next month. In October 2014, his probation officer filed a revocation petition in the District of New Jersey, alleging that Solano-Hernandez had violated the terms of SR because of his illegal reentry. The district court issued an arrest warrant.

In December 2014, Solano-Hernandez was once again arrested for illegally entering and was indicted in the Southern District of Texas for illegal reentry of a previously deported alien, 8 U.S.C. § 1326. Jurisdiction over the SR violation was transferred to the Southern District of Texas. Solano-Hernandez pleaded guilty, without a plea agreement, to the new illegal-reentry offense.

The presentence report ("PSR") assessed Solano-Hernandez a base offense level of 8 under U.S.S.G. § 2L1.2(a).[1] He received a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he had been deported after a

---

[1] All U.S.S.G. citations are to the 2014 version, under which the court sentenced Solano-Hernandez.

No. 15-41554
No. 15-41582

conviction for a felony COV.  The basis of that enhancement was the same 1995 New Jersey conviction for "Endangering the Welfare of a Child."  Following a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, the PSR assigned a total offense level of 17, which, combined with a criminal-history category of III, yielded a guideline range of 30 to 37 months.  Solano-Hernandez did not object to the PSR's guidelines calculations.

The district court conducted a joint sentencing and revocation hearing and sentenced Solano-Hernandez to 30 months' imprisonment and three years of SR for the new reentry offense.  The judgment states that he was sentenced under 8 U.S.C. § 1326(a) and (b)(2).  The district court also revoked his prior SR and sentenced him to four months' imprisonment, to be served consecutively to the illegal-reentry sentence.  Solano-Hernandez appealed the § 1326 conviction and the revocation judgment, and we consolidated the appeals.[2]

II.

Solano-Hernandez contends that the district court erred in characterizing his 1995 conviction as a COV, thus triggering the twelve-level enhancement.  Because he did not object, we apply the plain-error standard.  *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  To establish plain error, Solano-Hernandez must show (1) an error; (2) that was clear or obvious; and (3) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  "[I]f the above three prongs are satisfied, [we have] the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial

---

[2] On appeal, Solano-Hernandez challenges only the § 1326 conviction and sentence. Because he does not identify any specific error with the revocation or the revocation sentence, he has abandoned any challenge to the revocation proceeding.  *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

No. 15-41554
No. 15-41582

proceedings." *Id.* (quotation marks and alterations omitted). "Meeting all four prongs is difficult, as it should be." *Id.* (quotation marks omitted).

A.

To determine whether a conviction qualifies as a COV, we apply the "categorical approach," *United States v. Rodriguez*, 711 F.3d 541, 544, 549 (5th Cir. 2013) (en banc), under which we first look to the offense category that triggers the enhancement. We

> evaluate whether the meaning of that offense category is clear from the language of the enhancement at issue or its applicable commentary. If not, we . . . determine whether that undefined offense category is an offense category defined at common law, or an offense category that is not defined at common law . . . [I]f the offense category is a non-common-law offense category, then we derive its "generic, contemporary meaning" from its common usage as stated in legal and other well-accepted dictionaries.

*Id.* at 544.

We then look to the state statute of conviction and, ordinarily, compare its elements to the generic meaning of the offense category. *Id.* But where a state statute is divisible, having "multiple alternative elements," we may apply the "modified categorical approach," which permits us to "look[ ] to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of."[3] We can then compare the elements of that crime to the generic meaning of the offense category. *Mathis*, 136 S. Ct. at 2249.

The relevant offense category is "sexual abuse of a minor."[4]    That

---

[3] *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *see also Rodriguez*, 711 F.3d at 549 n.8.

[4] The district court applied the enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which is triggered by a prior conviction for a COV. The guideline commentary defines COV to include "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). *See United States v.*

4

No. 15-41554
No. 15-41582

category "is neither clearly defined in the Guidelines nor an offense defined at common law."[5]  Thus, we must look to its generic, contemporary meaning. "'Sexual' is defined as '[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions.'"[6]  "Abuse" is defined as "to take unfair or undue advantage of or to use or treat so as to injure, hurt, or damage." *Id.* (quotation marks omitted).  "We have repeatedly endorsed the definition of 'sexual abuse' set forth in Black's Law Dictionary, which is 'an illegal or wrongful sex act, esp. one performed against a minor by an adult.'"[7]  Finally, "minor" is a person under the age of eighteen.  *Rodriguez*, 711 F.3d at 560.

Solano-Hernandez was convicted under a statute providing that

> [a]ny person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child as defined in R.S.9:6-1, R.S.9:6-3 and P.L.1974, c. 119, s. 1 (C.9:6-8.21) is guilty of a crime of the second degree.  Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the third degree.

N.J. STAT. ANN. § 2C:24-4 (West 1994).  Solano-Hernandez maintains that the statute has alternative elements, thus justifying resort to the modified categorical approach.

We agree.  New Jersey courts have interpreted Section 2C:24-4 as having

---

*Hernandez-Hernandez*, 817 F.3d 207, 212 (5th Cir. 2016) ("Guideline commentary is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines." (quoting *United States v. Flores-Gallo*, 625 F.3d 819, 821 (5th Cir. 2010)); *see also United States v. Rayo-Valdez*, 302 F.3d 314, 316 (5th Cir. 2002) (holding that sexual abuse of a minor constitutes a COV under U.S.S.G. § 2L1.2).

[5] *United States v. Vigil*, 774 F.3d 331, 334 (5th Cir. 2014) (citing *Rodriguez*, 711 F.3d at 557–58).

[6] *Id.* (quoting *Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014)).

[7] *Id.* (quoting "*Sexual Abuse*," BLACK'S LAW DICTIONARY (9th ed. 2009)).

two prongs.[8]   The elements of the first prong are (1) engaging in sexual conduct; (2) knowingly; (3) with a child under the age of sixteen; and (4) the conduct has the capacity to debauch or impair the morals of a child.[9]  The elements of the second prong are (1) the victim is a child; (2) the defendant had a duty of care for him; and (3) the defendant knowingly caused the child harm, making him an abused or neglected child.  *State v. Frisby*, 811 A.2d 414, 423 (N.J. 2002).  "Because the statute provide[s] alternative elements that could constitute child endangerment . . . the statute is divisible."[10]

The parties concur that the "engag[ing] in sexual conduct" prong falls within the generic definition of "sexual abuse of a child."[11]  But they dispute whether Solano-Hernandez's conviction can properly be narrowed to that prong.  Under the modified categorical approach, we may look to certain records to narrow the statute of conviction.  Those records "are generally limited to . . . the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[12]  If such records "do not provide conclusive evidence, we assume

---

[8] *See, e.g.*, *State v. Hutchinson*, No. A-1377-05T4, 2011 WL 5105449, at *6 (N.J. Super. Ct. App. Div. Oct. 28, 2011) (per curiam).  In interpreting the elements of state statutes, it is appropriate to look to state-court decisions.  *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016) (citing *Mathis*, 136 S. Ct. at 2250, 2256–57).

[9] *In re W.P.*, No. A-1913-10T1, 2011 WL 2330902, at *2 (N.J. Super. Ct. App. Div. June 15, 2011) (per curiam) (citing *State v. Hackett*, 764 A.2d 421, 428 (N.J. 2001); *State v. Bryant*, 15 A.3d 865, 866 (N.J. Super. Ct. App. Div. 2011)).

[10] *United States v. Berry*, 814 F.3d 192, 199 (4th Cir. 2016); *see also Stubbs v. Attorney Gen. of U.S.*, 452 F.3d 251, 254–55 (3d Cir. 2006) (concluding that § 2C:24-4 contains alternative elements).

[11] *See Jabbar v. Attorney Gen. of U.S.*, 508 F. App'x 156, 159 (3d Cir. 2013) (per curiam) (holding that a conviction under Section 2C:24-4 constituted "sexual abuse of a minor"); *Uzoka v. Attorney Gen. of U.S.*, 489 F. App'x 595, 597–98 (3d Cir. 2012) (per curiam) (same).

[12] *United States v. Herrera-Alvarez*, 753 F.3d 132, 138 (5th Cir. 2014) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

No. 15-41554
No. 15-41582

the defendant's conduct constituted the 'least culpable act satisfying the count of conviction.'"[13] Because both parties agree that a conviction under the second prong does not constitute "sexual abuse of a minor,"[14] the district court could have applied the COV enhancement only if appropriate records established that Solano-Hernandez was convicted for "engag[ing] in sexual conduct."

The PSR contained four records: (1) a 1994 New Jersey indictment; (2) Solano-Hernandez's plea form; (3) a copy of Section 2C:24-4; and (4) the New Jersey judgment. The parties agree that the first three records cannot narrow the offense. The indictment charged Solano-Hernandez with violating Section 2C:14-2c(5) based on "an act of sexual penetration upon L.O. when L.O. was at least 13 but less than 16 years old and [Solano-Hernandez] was at least 4 years older than L.O." But because Solano-Hernandez was actually convicted under a different statute, the indictment cannot be used to narrow the offense.[15] The plea form specifies only that Solano-Hernandez pleaded guilty of "Endangering the Welfare of a Child" in the third degree; it does not provide the factual basis.

The dispute ultimately centers on the judgment, which contains a field for a "Statement of Reasons," in which the New Jersey court wrote "See Reasons Attached." Attached is a document entitled "Reasons for Sentence," which

---

[13] *Vigil*, 774 F.3d at 335 (quoting *United States v. Espinoza*, 733 F.3d 568, 572 (5th Cir. 2013)).

[14] *See Stubbs*, 452 F.3d at 254 ("A conviction could lie under [Section 2C:24-4] for 'willfully failing to provide proper and sufficient food' for a child pursuant to N.J. STAT. ANN. § 9:6-1, one of the enumerated protective-welfare statutes. This offense would hardly constitute 'sexual abuse of a minor' . . . .").

[15] *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 315 (5th Cir. 2007); *United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003). Although the state-court documents indicate that an amended indictment was issued, a copy of the amended indictment is not part of the record.

7

describes the "circumstances surrounding [the offense.]"[16]  It also describes aggravating and mitigating circumstances.  Solano-Hernandez contends that the attached factual description cannot narrow the offense because there is no indication that he "assented" to those facts.  *See Herrera-Alvarez*, 753 F.3d at 138.  He points us to *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 468–69 (5th Cir. 2006), in which we said, "Unlike the charging document, the guilty plea, or the factual basis for the plea confirmed by the defendant, sentencing reasons and factors do not simply define the charge and the defendant's guilty plea, but, instead, frequently refer to facts neither alleged nor admitted in court." Solano-Hernandez points out that New Jersey law required the court to provide its reasons for imposing the sentence.  *See* N.J. STAT. ANN. § 2C:43-2 (West 1994).

The government counters that we have said that "state court judgment[s] fall within the scope of documents a court may consider under *Shepard*." *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008), *overruled by Mathis*, 136 S. Ct. at 2250.  Though we have repeatedly noted that judgments are appropriate records,[17] we have not yet had occasion to elaborate

---

[16] The "Reasons for Sentence" describes the circumstances as follows:

On April 7, 1994 a juvenile victim, L.M.O., responded to Green Brook Police Department with her mother and a relative to report a sexual assault.  The victim gave a statement to police indicating that she had sexual intercourse with the defendant, who at the time of the offense was 23 years old.  The offense took place in the Green Brook Motel, Route 22, Green Brook, New Jersey.  The victim reported that at the time of the offense she was 14 years old.  On April 28, 1994 the defendant was picked up for questioning.  The defendant was read his Miranda rights which he indicated that he understood.  He gave a taped statement in which he admitted that he had sexual intercourse with the victim on April 7, 1994.

[17] *E.g., Garcia-Arellano*, 522 F.3d at 480; *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014); *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781–82 (5th Cir. 2014) (per curiam).

on *how* a judgment may be used.  It may certainly be used for establishing the *fact* of conviction or to show *which part* of the statute a defendant was convicted of.[18]  But if the judgment includes narrowing facts, the overriding requirement remains that they must be "explicit factual finding[s] by the trial judge *to which the defendant assented*."  *Shepard*, 544 U.S. at 16 (emphasis added).  A sentencing court may not rely on facts merely because they appear in a judgment.

There is no indication that Solano-Hernandez assented to the facts in the "Reasons for Sentence."  Thus, the district court could not properly rely on it.  Without the facts in the "Reasons for Sentence," the documents in the PSR are not "conclusive evidence" that Solano-Hernandez was convicted under the "engag[ing] in sexual conduct" prong of Section 2C:24-4.  *Vigil*, 774 F.3d at 335.  Consequently, the district court erred in enhancing the sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

B.

Merely showing error, however, is never sufficient to satisfy the stringent standard of plain-error review.  Instead, Solano-Hernandez must show that "the legal error [was] clear or obvious, rather than subject to reasonable debate."  *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009) (quoting *Puckett*, 556 U.S. at 135).  We pretermit deciding this second prong and assume *arguendo* that the error was plain, because, as explicated below, the entreaty to grant plain-error review fails at the fourth prong.

To satisfy the third prong, Solano-Hernandez must show that his

---

[18] For example, suppose a divisible statute has two subparts, (a) and (b), and that subpart (a) qualifies as a COV, though subpart (b) does not.  If a judgment specifies that a conviction is under subpart (a), the sentencing court may look to the judgment to narrow the offense.

No. 15-41554
No. 15-41582

substantial rights were affected. *Puckett*, 556 U.S. at 135. For the same reason that we pretermit discussion of the second prong, we assume *arguendo* that the third prong is satisfied.

C.

Even if Solano-Hernandez were to satisfy the first three prongs, we must decide whether to exercise our discretion to remedy the error. We do so only where "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[19] "The fourth prong . . . is not satisfied simply because the 'plainly' erroneous sentencing guideline range yields a longer sentence than the range that, on appeal, we perceive as correct." *United States v. Sarabia-Martinez*, 779 F.3d 274, 278 (5th Cir. 2015).[20] Rather, "[t]he types of errors that warrant reversal are ones that would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014) (quotation marks omitted).

This is not one of those rare cases. "[W]e have declined to exercise our discretion to notice sentencing errors [when the facts involve] recidivistic behavior." *Martinez-Rodriguez*, 821 F.3d at 666. Solano-Hernandez has been deported on four separate occasions and was convicted of the same offense,

---

[19] *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alteration in original) (quoting *Puckett*, 556 U.S. at 135).

[20] *See also Ellis*, 564 F.3d at 378 ("Not every error that increases a sentence need be corrected by a call upon plain error doctrine."); *United States v. Wooley*, 740 F.3d 359, 369 (5th Cir. 2014) ("This circuit has repeatedly emphasized that even when we find that the first three factors have been established, this fourth factor is not automatically satisfied." (quotation marks omitted)).

No. 15-41554
No. 15-41582

illegal reentry, several years ago.[21]  Indeed, he had been deported mere months before the illegal reentry with which this case is concerned.[22]  We have also considered criminal history in deciding whether to exercise our discretion.[23]  In addition to his illegal reentry and "Endangering the Welfare of a Child" convictions, Solano-Hernandez has been convicted of aggravated assault with a deadly weapon.  Finally, we note that the 30-month sentence is only six months outside the correct guideline range[24] and well within the 20-year statutory maximum.[25]

We cannot say that the error or resulting sentence would "shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *Segura*, 747 F.3d at 331 (quoting *Escalante-Reyes*, 689 F.3d at 435).  Thus, even if the district court plainly erred, we will not exercise our discretion to remedy that error.

---

[21] *See United States v. Patino–Almendariz*, No. 15-41146, 2016 WL 6871993, at *3 (5th Cir. Nov. 21, 2016) (per curiam) (unpublished) (noting that prior convictions for illegal reentry counseled against the exercise of discretion).

[22] *See United States v. Luviano*, 604 F. App'x 347, 348–49 (5th Cir. 2015) (per curiam) (declining to correct an error because, *inter alia,* "Luviano returned to the United States within 18 months after his most recent removal, thereby committing the same offense that gave rise to the term of supervised release.").

[23] *See, e.g.*, *United States v. Brown*, 826 F.3d 835, 841 (5th Cir. 2016); *Segura*, 747 F.3d at 33; *Patino–Almendariz*, 2016 WL 6871993, at *3.

[24] In asking us to exercise our discretion, Solano-Hernandez points to cases with larger disparities.  *See United States v. Hernandez*, 690 F.3d 613, 621–22 (5th Cir.2012) (12-month disparity); *United States v. Mudekunye*, 646 F.3d 281, 290–91 (5th Cir. 2011) (per curiam) (19-month disparity); *United States v. John*, 597 F.3d 263, 285–86 (5th Cir. 2010) (21-month disparity).

[25] *See Luviano*, 604 F. App'x at 349 (declining to correct an error because, *inter alia,* "the 24-month sentence did not exceed the available statutory maximum").

No. 15-41554
No. 15-41582

## III.

Solano-Hernandez claims that the district court erred in convicting him under 8 U.S.C. § 1326(b)(2), which applies to aliens "whose removal was subsequent to a conviction for commission of an aggravated felony." He contends that his 1995 conviction was not for sexual abuse of a minor and so does not qualify as an aggravated felony.[26] But even if he were correct, he had also been convicted in 2013 of illegal reentry under Section 1326(b)(2), and that qualifies as an aggravated felony.[27] Thus, the court did not err in convicting Solano-Hernandez under Section 1326(b)(2).

The conviction and sentence are AFFIRMED.

---

[26] *See* 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include "sexual abuse of a minor").

[27] 8 U.S.C. § 1101(a)(43)(O) (defining "aggravated felony" to include "an offense described in section 1325(a) or 1326 of this title committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph"). *See Gamboa-Garcia*, 620 F.3d at 548 ("Under its plain language, the 2004 [§ 1326(b)(2)] conviction is itself an aggravated felony under § 1101(a)(43)(O)."); *United States v. Zamora*, 519 F. App'x 251, 252 (5th Cir. 2013) (per curiam) ("[A] conviction for illegal reentry under § 1326(b)(2) is an aggravated felony within the meaning of § 1101(a)(43)(O).").