# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-30905
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAMICHAEL D. BRIGHT, also known as Big Mike, also known as Mike Dog,

Defendant-Appellant

Cons. w/ No. 16-30911

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAMICHAEL D. BRIGHT,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-233-2
USDC No. 5:10-CR-92-1

————————————

No. 16-30905
c/w No. 16-30911

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Shamichael D. Bright timely appeals from the above-guidelines sentence imposed following the revocation of his supervised release and from the within-guidelines sentence imposed following his conviction for conspiracy to distribute and possess with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. These appeals have been consolidated for our review. Bright contends that the district court's revocation sentence was unreasonable because (1) the guidelines range specifically accounts for violations of supervised release like the ones he committed and (2) the court did not clearly state its application of the 18 U.S.C. § 3553(a) sentencing factors.[1]

Because Bright's arguments were not preserved in the district court, they are subject to plain error review. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). We first examine whether the district court committed a plain procedural error in its application of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A district court fashioning a revocation sentence may not consider the factors set forth in § 3553(a)(2)(A). *United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011). Further, a revocation sentence sanctions a defendant for violating supervised release, not for the conduct underlying the initial conviction. *Id.* at 843; *see also United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir.), *denying reh'g*, 797 F.3d 307, 308 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because Bright contests only his revocation sentence in this consolidated appeal, he has waived any argument as to his sentence for his controlled substance convictions. *See Hernandez v. Thaler*, 630 F.3d 420, 426 n.24 (5th Cir. 2011); *see also United States v. Luviano*, 604 F. App'x 347, 348 (5th Cir. 2015).

No. 16-30905
c/w No. 16-30911

Cir. 2015) (emphasizing distinction between punishment for the offense of conviction and sanctioning the violations resulting in revocation of supervised release). We have held that a sentencing error occurs "when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *Rivera*, 784 F.3d at 1017.

No procedural error is present here. At the revocation hearing, the district court never cited to, or relied on, any prohibited § 3553(a)(2)(A) factor. Rather, the district court's language at sentencing reflected the court's focus on sanctioning the nature and circumstances of Bright's failure to comply with the terms of his supervised release, instead of punishing him for the initial offense that led to the term of supervised release. *See Rivera*, 797 F.3d at 308; *Miller*, 634 F.3d at 843-44.

Bright's substantive reasonableness challenge also lacks merit. He concedes that the district court considered § 3553(a) factors in its revocation sentence, and his argument essentially amounts to a disagreement with the district court's balancing of the sentencing factors, which this court will not reweigh. *See Gall*, 552 U.S. at 51. Bright has not established that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Thus, he has not shown that the district court committed any error, plain or otherwise. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.