# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50392
c/w No. 16-50402
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO LINARES-BRICENO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-555-1
USDC No. 2:09-CR-222-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Linares-Briceno appeals the revocation of his supervised release and his guilty plea conviction for illegal reentry. He challenges the district court's application of the crime-of-violence enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) based on his prior Texas conviction for burglary of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habitation. *See* TEX. PENAL CODE ANN. § 30.02. By failing to raise any specific error in the revocation or revocation sentence, he has abandoned any challenge to the revocation proceeding. *See United States v. Solano-Hernandez*, 847 F.3d 170, 174 n.2 (5th Cir. 2017). He argues that § 30.02(a) is not divisible and, in the alternative, that the Government failed to show that he was convicted of a crime of violence because the judgment references § 30.01(a)(1) while the indictment tracks the language of § 30.02(a)(3), which this court has held is not a crime of violence.

Section 30.02(a) of the Texas Penal Code is divisible, and a violation of § 30.02(a)(1) constitutes generic burglary of a dwelling. *United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969); *see* § 2L1.2(b)(1)(A)(ii) & comment. (n.1(B)(iii)) (2015). Linares-Briceno has not established that a conflict renders the judgment unreliable for purposes of determining which subsection of § 30.02(a) formed the basis for the conviction. *See Solano-Hernandez*, 847 F.3d at 177. Furthermore, his argument that the indictment created a conflict assumes that the indictment may be used to narrow the statute of conviction. The judgment indicates, however, that Linares-Briceno was not convicted of burglary as charged in the indictment. *See United States v. Bonilla*, 524 F.3d 647, 652 (5th Cir. 2008). In light of the foregoing, he has failed to show that the district court erred, plainly or otherwise, by applying the crime-of-violence enhancement. *See Uribe*, 838 F.3d at 671.

The judgments of the district court are AFFIRMED.