# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40884

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2017

Lyle W. Cayce
Clerk

Consolidated With 16-40887

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

AURELIANO VILLARREAL-GARCIA,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-81-1
USDC No. 5:15-CR-1406-1

Before JONES and OWEN, Circuit Judges, and ENGELHARDT,* District Judge.

PER CURIAM:**

For the first time on appeal, Aureliano Villarreal-Garcia contends that the district court erred by imposing consecutive sentences for his illegal reentry offense and his violation of supervised release because the court

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously believed it lacked authority to run the sentences concurrently. We review the forfeited objection for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Villarreal-Garcia must show an error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 135 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The probation officer advised the district court that the sentences must run consecutively. The court indicated its agreement at sentencing, citing a decision of this court requiring consecutive terms that has been abrogated. The district court now has "discretion to make its [sentences] run concurrently (or partially concurrently) with the previously imposed . . . sentence for supervised release revocation (although the Commission recommends that the sentence imposed be consecutive to that for the revocation)." *United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004); *see also* 18 U.S.C. § 3584(a), (b). The district court's statement that it was required to run the sentences consecutively was clear or obvious error.

We thus consider whether the error affected Villarreal-Garcia's substantial rights, guided by the Supreme Court's recent decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). The district court effectively applied a cumulative guidelines range of 36 to 48 months (24 to 30 months for the illegal reentry and 12 to 18 months for the supervised release violation). It imposed consecutive terms at the bottom of that range, totaling 36 months. Taking into account an error in the calculation of Villarreal-Garcia's criminal history score discussed below, the correct range for his illegal reentry offense was 21 to 27 months. Therefore, the applicable cumulative range was

No. 16-40884 c/w 16-40887

21 months (assuming concurrent sentences at the bottom end) to 45 months (assuming consecutive sentences at the high end). If the court had opted to impose concurrent sentences at the bottom end of the correct range, Villarreal-Garcia's sentence would have been 15 months lower. He has shown that his substantial rights were affected, *see Molina-Martinez*, 136 S. Ct. at 1346-48.

Villarreal-Garcia also objects to the assignment of three criminal history points to a 2007 illegal reentry offense. Plain error review applies to the forfeited objection. *See United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam). As the Government concedes, Villarreal-Garcia has shown an error that was clear or obvious because the 12-month and one-day sentence for the 2007 offense should have received only two criminal history points. *See* U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 4A1.1(a), (b) (U.S. SENTENCING COMM'N 2015). The error affected his substantial rights because it increased the guidelines range for the instant illegal reentry from 21 to 27 months to 24 to 30 months. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table) (Zone D); *Molina-Martinez*, 136 S. Ct. at 1346-48.

Despite the Villarreal-Garcia's showing that the sentencing errors affected his substantial rights, this "court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). The Sentencing Commission recommends "that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3 cmt. n.4.

This defendant has been previously deported at least four times, with felony re-entry convictions in 2007, 2014, and now again. Following his

deportation in 2007, he returned less than a month later. In this case, he returned to the United States fewer than seven months after his last deportation. This is his third felony conviction for re-entry. Prior terms of imprisonment and supervised release do not appear to have had a deterrent effect on this defendant.

The defendant also has a history of drug possession. In addition to a prior misdemeanor conviction for possession of marijuana, in 1993 the defendant pled guilty to felony possession of cocaine; he received five years deferred adjudication. In 2000, he again pled guilty to possession of cocaine, and received a five-year sentence of imprisonment. That offense also involved evasion of police attempting to execute a warrant and subsequent discovery of cocaine, cash, and a firearm on the premises. In 2014, it was his arrest for possession of marijuana that brought him to the attention of Immigration authorities.

In this case, the correct Guidelines range would have been 21 months to 45 months. Given this defendant's recidivist history of re-entry and drug possession, and with due regard for the Sentencing Commission's recommendation that sentences be served consecutively, we do not believe a total sentence of 36 months affects the fairness, integrity, or public reputation of judicial proceedings. We therefore decline to exercise our discretion to correct this plain error.

We AFFIRM the district court's judgment.