# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41378

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

MARIO SANCHEZ-ARVIZU,

> Defendant – Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before JOLLY, DENNIS, and ELROD, Circuit Judges.

PER CURIUM:

Mario Sanchez-Arvizu pleaded guilty to illegal reentry and was sentenced to 42 months in prison. He appeals, arguing for the first time that the district court erred by applying a 16-level enhancement for his prior conviction for indecency with a child. Concluding that the district court committed reversible plain error, we VACATE his sentence and REMAND for resentencing.

I

Sanchez-Arvizu pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Applying the 2015 Sentencing Guidelines, the probation officer assessed a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)

No. 16-41378

based on a determination that Sanchez-Arvizu was deported after a conviction for a "crime of violence"—his Texas conviction for indecency with a child by sexual contact in violation of Texas Penal Code section 21.11(a)(1). This produced an advisory Guidelines range of 41 to 51 months of imprisonment.

At the sentencing hearing, the district court accepted the probation officer's Guidelines calculation without objection by Sanchez-Arvizu. Defense counsel stated that, under the November 2016 Guidelines, Sanchez-Arvizu's sentencing range would be 15 to 21 months. The probation officer arrived at an even lower calculation under the November 2016 Guidelines. The probation officer informed the district court that applying the new Guidelines would result in no enhancement and a sentencing range of 1 to 7 months of incarceration. The district court asked the probation officer whether this range reflected a conviction for indecency with a child, and the probation officer confirmed that it did.

The Government requested a Guidelines sentence; defense counsel asked the district court to consider a "downward variance," or in the alternative, a sentence at the low end of the Guidelines range. The district court ultimately chose to "stay within the advisory range." While noting that "a sentence of 51 months would be entirely appropriate," the district court sentenced Sanchez-Arvizu at the low end of the Guidelines range because this was his first conviction for illegal reentry. The district court stated that it had "considered all of the [18 U.S.C. §] 3553(a) factors" and sentenced Sanchez-Arvizu to 42 months in prison followed by a 3-year term of supervised release. Sanchez-Arvizu timely appealed.

II

Because Sanchez-Arvizu did not object to his sentence in the district court, we review for plain error. *See United States v. Carlile*, 884 F.3d 554, 556 (5th Cir. 2018); FED. R. CRIM. P. 52(b) ("A plain error that affects substantial

No. 16-41378

rights may be considered even though it was not brought to the court's attention."). To show plain error, Sanchez-Arvizu must show: (1) an error or defect not affirmatively waived; (2) that is "clear or obvious, rather than subject to reasonable dispute"; and (3) that affected his substantial rights. *United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If these three conditions are satisfied, we may exercise discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

## III

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015), a defendant receives a 16-level enhancement if, before his previous deportation, he was convicted of a felony that is a "crime of violence." The 2015 definition of a crime of violence includes "sexual abuse of a minor." U.S.S.G. § 2L1.2(b)(1), cmt. n.1(B)(iii) (2015). While this appeal was pending, the Supreme Court in *Esquivel-Quintana v. Sessions* held that "in the context of statutory rape offenses focused solely on the age of the participants, the generic federal definition of 'sexual abuse of a minor' . . . requires the age of the victim to be less than 16." 137 S. Ct. 1562, 1572–73 (2017). The statute under which Sanchez-Arvizu was convicted for indecency with a child makes it a felony to engage in sexual contact with a child younger than 17 years of age. *See* Tex. Penal Code Ann. § 21.11(a)(1) (2013). The Texas statute at issue is therefore categorically broader than the generic federal definition of "sexual abuse of a minor." *See* 137 S. Ct. at 1568. Thus, as the Government concedes in light of *Esquivel-Quintana*, the district court erred by deeming Sanchez-Arvizu's conviction for indecency with a child a crime of violence under § 2L1.2 of the Guidelines, and

3

No. 16-41378

by applying the corresponding 16-level enhancement. Sanchez-Arvizu has therefore satisfied the first prong of plain error review.

"In considering whether an error is 'clear or obvious' we look to the 'state of the law at the time of appeal,' and we must decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to 'reasonable dispute.'" *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (quoting *United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014)). As the Government concedes, the district court's error is now clear and obvious under *Esquivel-Quintana*, satisfying prong two.

Turning to the third prong, "this court may correct a plain error only if it 'affected the appellant's substantial rights.'" *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015) (quoting *Puckett*, 556 U.S. at 135). "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's error, he would have received a lesser sentence." *Id.* (quoting *United States v. John*, 597 F.3d 263, 284–85 (5th Cir. 2010)). "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). This is because the Guidelines serve as "the framework for sentencing" and "anchor . . . the district court's discretion." *Id.* (quoting *Peugh v. United States*, 569 U.S. 530, 542, 549 (2013)).

Under this standard, the district court's error affected Sanchez-Arvizu's substantial rights. Sanchez-Arvizu was sentenced under the incorrect Guidelines range to 42 months of imprisonment, which is double the top of the correct Guidelines range of 15 to 21 months. He has therefore demonstrated a "reasonable probability that, but for the district court's [application of the

No. 16-41378

wrong Guidelines range], he would have received a lesser sentence." *See Rivera*, 784 F.3d at 1018 (quoting *John*, 597 F.3d at 285).

The Supreme Court has recognized that "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Molina-Martinez*, 136 S. Ct. at 1346. This is in part because "[t]he sentencing process is particular to each defendant . . . and a reviewing court must consider the facts and circumstances of the case before it." *Id.* Thus, the record may show that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* "Where, however, the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 1347.

Such is the case here; despite the district court's discussion of Sanchez-Arvizu's prior conviction for indecency with a child and consideration of the § 3553(a) factors, the record is silent as to what the district court might have done had it considered the correct Guidelines range. The transcript of Sanchez-Arvizu's September 2016 sentencing hearing indicates that the court anchored Sanchez-Arvizu's sentence to the incorrect Guidelines range. At the hearing, the district court began its analysis by announcing the incorrect Guidelines range of 41 to 51 months. The court then heard from defense counsel and the probation officer about pending changes to the Sentencing Guidelines that were to take effect that November. Defense counsel stated incorrectly that, under the proposed amendment, Sanchez-Arvizu's Guidelines range would be reduced to 15 to 21 months. The probation officer provided a different calculation; under the amended Guidelines, Sanchez-Arvizu's sentencing range would be between 1 and 7 months. The court then asked whether the amended Guidelines range provided by the probation officer would

No. 16-41378

apply even though Sanchez-Arvizu had a prior conviction for indecency with a child, and the probation officer confirmed.  The court stated that this amended range would not be retroactive and that it was "not inclined to follow" it or "to vary down or vary up" from the incorrect range.

Based on this exchange, which centered on the probation officer's estimated Guidelines range of 1 to 7 months, we cannot conclude that the district court considered and rejected the correct Guidelines range of 15 to 21 months.  Regardless, the court treated both estimates of the amended range offered by defense counsel and the probation officer as an optional downward departure and not as "the framework for sentencing" to "anchor [its] discretion."  *See Molina-Martinez*, 136 S. Ct. at 1345.  The record is therefore silent with regard to how the court would have sentenced Sanchez-Arvizu had it considered the correct Guidelines range.  *See id.* at 1347.

Nor does the record show that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."  *Id.* at 1346.  The district court discussed Sanchez-Arvizu's previous conviction for indecency with a child and the § 3553(a) factors; stated that "[o]ther than proposed changes in November, [it did not] see a reason for a downward variance," and it would not "vary up"; and ultimately decided that it would "stay within the advisory range."  The court further stated that it would "stay close to the low end" of that range because this was Sanchez-Arvizu's first conviction for illegal reentry.  Thus, the transcript demonstrates that the court's sentence was firmly rooted in the incorrect Guidelines range, and not chosen "irrespective of [it]."  *See id.*  There is therefore a reasonable probability that, but for the court's error, Sanchez-Arvizu would have received a lesser sentence.  *See Rivera*, 784 F.3d at 1018.  Accordingly, the district court's error affected Sanchez-Arvizu's substantial rights.

The fourth prong of plain error review is not "automatic if the other three prongs are met." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc). We exercise our discretion under the fourth prong if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 732). Generally, an incorrect application of the Sentencing Guidelines seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Alarcon*, 261 F.3d 416, 424 (5th Cir. 2001). We also consider the particular facts of the case, *see United States v. Martinez-Rodriguez*, 821 F.3d 659, 666 (5th Cir. 2016), and the degree of the error in determining whether to exercise our discretion. *See United States v. Guillen-Cruz*, 853 F.3d 768, 775–76 (5th Cir. 2017) (collecting cases and holding a sentence disparity of 8 months was reversible plain error); *United States v. Santacruz-Hernandez*, 648 F. App'x 456, 458 (5th Cir. 2016) (holding a sentence disparity of 2 months was reversible plain error); *United States v. Price*, 516 F.3d 285, 289–90 (5th Cir. 2008) (holding a sentence disparity of 18 months was reversible plain error).

The degree of the district court's error is significant here: Sanchez-Arvizu was sentenced to double the top of the correct Guidelines range, resulting in a sentencing disparity of 21 months. Thus, the district court's error compromised the fairness, integrity, or public reputation of judicial proceedings. *See Rosales-Mireles v. United States*, 585 U.S. ___, 2018 WL 3013806, at *8 (June 18, 2018) ("[W]hat reasonable citizen wouldn't bear a rightly diminished view of the judicial process and its integrity if courts refused to correct obvious errors of their own devise that threaten to require individuals to linger longer in federal prison than the law demands?" (quoting *United States v. Sabillon–Umana,* 772 F.3d 1328, 1333 (10th Cir. 2014) (Gorsuch, J.))).

No. 16-41378

Moreover, exercising our discretion under the fourth prong is warranted under the particular facts of this case. The Government argues that Sanchez-Arvizu's recidivistic behavior counsels against our use of discretion here. However, we have reversed a sentencing error despite the defendant's recidivistic behavior or criminal history. *See Guillen-Cruz*, 853 F.3d at 776; *Martinez-Rodriguez*, 821 F.3d at 666–67 (holding that we could not ignore a substantial sentence disparity of 36 months, and the district court could weigh the defendant's recidivistic behavior and other pertinent facts on remand). Sanchez-Arvizu has exhibited no recidivistic behavior other than his reentry into the United States. His criminal history is limited to a single prior conviction for indecency with a child, a first-time offense, which does not outweigh the substantial sentencing disparity of 21 months at issue here. *See Guillen-Cruz*, 853 F.3d at 776; *Martinez-Rodriguez*, 821 F.3d at 666–67.

Finally, the Government contends that, under our precedent, reversal is not warranted because the error does not "shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *See, e.g., United States v. Renteria-Martinez*, 847 F.3d 297, 302 (5th Cir. 2017). However, the Supreme Court recently rejected this "shock the conscience" standard, holding that it is "unduly restrictive" and "burdensome" and alters the fourth prong analysis articulated in *Olano*, 507 U.S. at 725. *See Rosales-Mireles*, 2018 WL 3013806, at *6–8, 12. The Court explained that "[i]n the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at *12. Thus, we exercise our discretion to correct the district court's substantial error in this case.

8

No. 16-41378

IV

Accordingly, we VACATE Sanchez-Arvizu's sentence and REMAND for resentencing.