# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30451

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

QUINN P. REED,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CR-79-1

Before STEWART, Chief Judge, and DENNIS and WILLETT, Circuit Judges.

PER CURIAM:*

Quinn P. Reed was found guilty of possession with intent to distribute marijuana and possession of a firearm by a convicted felon. He was sentenced to 180 months in prison. Reed contends for the first time on appeal that the district court erred in miscalculating his Guidelines sentence. Concluding that the district court committed reversible plain error, we VACATE his sentence and REMAND for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30451

## I.    BACKGROUND

Quinn P. Reed was found guilty of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a) ("Count One") and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count Two"). The presentence report ("PSR") characterized Reed as a career offender under U.S.S.G. § 4B1.1 with a criminal history category of VI. Section 4B1.1 provides an alternative offense level for a defendant convicted of a crime of violence or controlled substance offense if the defendant has two or more convictions for such an offense. This offense level controls if it is higher than another applicable offense level.

The § 4B1.1 offense level is determined by the statutory maximum sentence for the triggering offense or conviction. Reed's offense level under § 4B1.1 should have been 17, because the maximum sentence for Count One was five years. 21 U.S.C. § 841(b)(1)(D). The PSR, however, incorrectly represented that the maximum sentence for Count One was twenty years. Reed's base offense level was thus erroneously determined to be 32 under § 4B1.1(b). Because this offense level was higher than Reed's offense level under U.S.S.G. § 2K2.1, the section governing Count Two, it controlled his sentencing Guidelines range. Reed's total offense level of 32 and his criminal history category of VI produced an advisory Guidelines range of 210 to 262 months of imprisonment. As this range was greater than the 180-month statutory maximum, the Guidelines sentence became 180 months.

Had the correct statutory maximum for Count One been used, Reed's offense level under § 4B1.1(b) would have been 17, so his § 2K2.1 offense level of 28 would have controlled. Reed's correct offense level would have produced an advisory Guidelines range of 140 to 175 months of imprisonment—five to forty months below the ultimate Guidelines sentence of 180 months.

No. 17-30451

At sentencing, the Government urged the court to impose the 180-month statutory maximum given Reed's criminal history. The PSR set forth that Reed had eleven prior convictions and fifteen prior arrests. Reed's release on probation or parole had been revoked seven times, and he had absconded from supervision or failed to appear for court on three other occasions. The district court imposed the 180-month term.

## II.    DISCUSSION

Because Reed did not object to the district court's miscalculation of his offense level, our review is for plain error. *United States v. Sanchez-Arvizu*, 893 F.3d 312, 315 (5th Cir. 2018). "Federal Rule of Criminal Procedure 52(b) provides that a court of appeals may consider errors that are plain and affect substantial rights, even though they are raised for the first time on appeal." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018). Reed must show "(1) an error or defect not affirmatively waived; (2) that is 'clear or obvious, rather than subject to reasonable dispute'; and (3) that affected his substantial rights." *Sanchez-Arvizu*, 893 F.3d at 315 (quoting *United States v. Prieto*, 801 F.3d 547, 550 (5th Cir. 2015)). "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993) (brackets omitted)).

The Government and Reed agree that all four prongs of plain error review are satisfied in this case and submit that this court should vacate and remand for resentencing.

Reed has not waived his right to seek relief from the district court's error. He "forfeited the claim of error through his counsel's failure to raise the argument in the District Court." *Puckett v. United States*, 556 U.S. 129, 138

No. 17-30451

(2009) (emphasis omitted). "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733 (quotation omitted). The error, moreover, is plain and "clear from the language of the Guidelines." *United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012). The district court erred in relying on a mistakenly-inflated offense level under § 4B1.1 rather than the correct offense level under § 2K2.1. Reed thus satisfies the first two prongs of plain error review.

To satisfy the third prong, Reed must "show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Gonzalez*, 484 F.3d 712, 715 (5th Cir. 2008) (quotation and brackets omitted). "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez*, 136 S. Ct. at 1345. "Absent unusual circumstances, [a defendant] will not be required to show more." *Id.* at 1347. Because of the district court's error, Reed was subject to a Guidelines range of 210 to 262 months of imprisonment, which was capped by statute at 180 months. Had the district court relied upon the correct offense level, the applicable Guidelines range would have been 140 to 175 months. While "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," this is not such an instance. *Molina-Martinez*, 136 S. Ct. at 1346. The district court imposed the only Guidelines sentence available. There was no range for the court to consider, and "the record is silent as to what the district court might have done had it considered the correct Guidelines range." *Id.* at 1347.

Because the first three prongs of plain error review have been established, we consider whether to apply our discretion to correct the district

court's error. "Although Rule 52(b) is permissive, not mandatory, it is well established that courts should correct a forfeited plain error that affects substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles*, 138 S. Ct. at 1906 (quotations omitted). A sentencing miscalculation that meets the first three requirements of plain error review will, in the ordinary case, call "for a court of appeals to exercise its discretion under Rule 52(b) to vacate the defendant's sentence" unless "countervailing factors" indicate otherwise. *Id.* at 1903, 1909.

A defendant's criminal history is not a countervailing factor. *Id.* at 1910 n.5; *see also United States v. Urbina-Fuentes*, 900 F.3d 687, 698–99 (5th Cir. 2018). Reed's criminal history "is relevant to the District Court's determination of an appropriate sentence." *Rosales-Mireles*, 138 S. Ct. at 1910 n.5. But it does not bear on our use of discretion—"[i]t does not help explain whether the plain procedural error in [Reed's] sentencing proceedings . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

"The size of the sentencing disparity here . . . also does not amount to the kind of countervailing factor that should justify our refusal to step in to correct the error." *Urbina-Fuentes*, 900 F.3d at 699–700. The correct sentencing range for Reed was 140 to 175 months of imprisonment—five to forty months less than the 180-month Guidelines sentence the district court considered and imposed. "*Rosales-Mireles* granted relief for a narrower disparity," *Id.* at 699, and no other countervailing factors counsel us against exercising our discretion and granting relief in this case. We thus exercise our discretion to correct the district court's error.

## III.   CONCLUSION

We VACATE Reed's sentence and REMAND to the district court for resentencing.