# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2019

No. 15-41554

Lyle W. Cayce
Clerk

Consolidated with 15-41582

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

SANTIAGO SOLANO-HERNANDEZ,

> Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 5:15-CR-33-1 and 5:15-CR-219-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:*

In 2017, we affirmed Santiago Solano-Hernandez's conviction and sentence for illegal reentry after deportation. The United States Supreme Court granted a writ of certiorari, vacated our judgment, and remanded for further consideration. We conclude that Solano-Hernandez was not subject to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41554
c/w No. 15-41582

the twelve-level sentence enhancement imposed by the district court, and that the error, though not preserved, was plain. We VACATE and REMAND for resentencing.

FACTUAL AND PROCEDURAL HISTORY

In 2012, Santiago Solano-Hernandez pled guilty in the District of New Jersey to illegal reentry after a prior deportation that had followed a conviction for an aggravated felony. He was sentenced to 27 months imprisonment and a two-year term of supervised release. His term of supervised release commenced in October 2013, and he was deported about a month later.

In March 2014, Solano-Hernandez was arrested for illegally reentering the United States and was summarily deported the following month. In December 2014, he once again was arrested for illegally reentering the United States and was indicted in the Southern District of Texas for illegal reentry of a previously deported alien. Jurisdiction over the supervised release violation was transferred from the District of New Jersey to the Southern District of Texas. Solano-Hernandez pled guilty to the new illegal-reentry offense.

In his presentence report (PSR), Solano-Hernandez was assessed a base offense level of eight under Section 2L1.2 of the 2014 Sentencing Guidelines. He received a twelve-level enhancement under Section 2L1.2(b)(1)(A)(ii) because he had been deported after a conviction for a felony crime of violence that was not assessed criminal history points: a 1995 New Jersey conviction for endangering the welfare of a child. Following a three-level reduction for acceptance of responsibility under Section 3E1.1, he was assigned a total offense level of 17. That offense level, combined with his criminal history category, yielded a Guidelines imprisonment range of 30 to 37 months. *See*

No. 15-41554
c/w No. 15-41582

U.S.S.G. ch. 5, pt. A (Sentencing Table). Solano-Hernandez did not object to the Guidelines calculations but sought a downward departure or variance.

The district court conducted a joint sentencing and revocation hearing. As to the new illegal-entry conviction, the district court sentenced Solano-Hernandez to 30 months imprisonment and three years of supervised release. The district court also revoked Solano-Hernandez's supervised release and sentenced him to four months' imprisonment. The district court ordered the revocation sentence to run consecutively to the sentence imposed for the new illegal-reentry conviction. Solano-Hernandez timely appealed both judgments. This court consolidated the appeals.

In our January 2017 decision, we agreed with Solano-Hernandez that the district court erred in assessing an enhancement under Section 2L1.2(b)(1)(A)(ii) based upon his conviction in New Jersey for endangering the welfare of a child. *United States v. Solano-Hernandez*, 847 F.3d 170, 177-78 (5th Cir. 2017), *cert. granted, judgment vacated*, 138 S. Ct. 2701 (2018). Because the defendant had not objected to the enhancement in district court, we reviewed his argument under a plain-error review standard. We declined to exercise our discretion to reverse based on the error, which we would do only if "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 178 (quoting *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alteration in original)). We quoted earlier precedent in which we had held that reversal due to plain error was justified only when the error "would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *Id.* (quotation marks omitted) (quoting *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014)).

No. 15-41554
c/w No. 15-41582

The United States Supreme Court granted a writ of certiorari, reversed our judgment, and remanded for reconsideration in light of its rejection of our "shock the conscience" standard for the final element of plain-error analysis in *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907-11 (2018). *Solano-Hernandez v. United States*, 138 S. Ct. 2701 (2018).

DISCUSSION

Solano-Hernandez did not object to the district court's application of Section 2L1.2(b)(1)(A)(ii). We therefore review the application of that enhancement for plain error. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish plain error, Solano-Hernandez must show (1) an error, (2) that was clear or obvious, and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). "Once those three conditions have been met, 'the court . . . should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Rosales-Mireles*, 138 S. Ct. at 1905 (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). The Court recently clarified that a miscalculation of the Sentencing Guidelines range "will in the ordinary case . . . seriously affect the fairness, integrity, or public reputation of judicial proceedings, and thus will warrant relief." *Id.* at 1903.

There are the two issues before us on remand:

I.     Whether the appeal is moot because Solano-Hernandez has been released from prison and removed from the United States.

II.    Whether the district court committed reversible plain error in concluding that Solano-Hernandez was subject to a twelve-level enhancement

No. 15-41554
c/w No. 15-41582

pursuant to Guidelines Section 2L1.2(b)(1)(A)(ii) (2014) based on his prior New Jersey conviction for child endangerment.

*I. Mootness*

Solano-Hernandez acknowledges that the appeal of his revocation sentence is moot. He maintains, though, that the sentence for his new illegal-reentry offense is not moot because he remains subject to a term of supervised release. The government argues that the appeal is moot because Solano-Hernandez completed his prison term, was deported in June 2017, and did not challenge on appeal his term of supervised release.

To maintain jurisdiction under Article III of the Constitution, this court must have before it an actual case or controversy at the time that it issues its decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that a collateral consequence of the conviction persists. *Id.* A moot case fails to present a case or controversy. *See United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006). This court considers the issue of mootness *de novo. Id.* at 355.

Solano-Hernandez completed his revocation sentence and was not sentenced to a term of supervised release relating to that sentence. There are no ongoing collateral consequences imputed to that sentence. *See Spencer*, 523 U.S. at 7. Solano-Hernandez's appeal of his revocation sentence is therefore moot.[1] *See United States v. Heredia-Holguin*, 823 F.3d 337, 342-43 (5th Cir. 2016) (en banc).

---

[1] Solano-Hernandez did not contest his revocation or the revocation sentence and thus abandoned any challenge to the revocation proceeding. *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

5

No. 15-41554
c/w No. 15-41582

The sentence for the illegal-reentry offense presents a different situation. Solano-Hernandez was released from custody of the Federal Bureau of Prisons on April 26, 2017. At the time of this appeal, he remains subject to a three-year term of supervised release for his new illegal-reentry offense. *Cf. Lares-Meraz*, 452 F.3d at 355. Thus, the district court has the authority to alter or terminate his period of supervised release on resentencing if he was incarcerated beyond the correct expiration of his prison term. *See United States v. Johnson*, 529 U.S. 53, 60 (2000). Solano-Hernandez remains subject to a term of supervised release that is not immune to modification by the district court and his appeal concerns his sentence. An "appeal of a term of an existing supervised release is not mooted solely by . . . deportation." *Heredia-Holguin*, 823 F.3d at 343.

## II. Plain Error Analysis

As we have discussed already, this court earlier considered the question of whether the district court committed reversible plain error by assessing an enhancement under Section 2L1.2(b)(1)(A)(ii) based upon his conviction in New Jersey for endangering the welfare of a child. We concluded that the district court erred in applying the enhancement, but pretermitted consideration of whether the error was clear or obvious (prong two) or affected Solano-Hernandez's substantial rights (prong three). *Solano-Hernandez*, 847 F.3d at 178. We held that even if the district court plainly erred, there were no grounds for the court to exercise its discretion to address an error that failed to "shock the conscience of the common man." *Id.* at 179. Now that the Supreme Court has rejected our shock standard, *Rosales-Mireles*, 138 S. Ct. at 1907-11, and returned this case to us in light of that rejection, we reconsider the effect of the error we earlier identified.

6

No. 15-41554
c/w No. 15-41582

*A. Error*

In our prior opinion, we determined that the district court erred by assessing a 12-level enhancement pursuant to Section 2L1.2(b)(1)(A)(ii) based upon Solano-Hernandez's prior conviction for third-degree "Endangering the Welfare of a Child." *Solano-Hernandez*, 847 F.3d at 177-78. Nothing about that part of our ruling was affected by the Supreme Court decision. When the Supreme Court remands a case with instructions, "this court must confine its review to the limitations established by the Supreme Court's remand order. *United States v. Duarte-Juarez*, 441 F.3d 336, 340 (5th Cir. 2006). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). The government does not argue we were incorrect about our decision that there was error, so we move on to the other factors of plain-error review.

*B. Clear or Obvious*

To determine whether an error was clear or obvious, this court looks to "the state of the law at the time of appeal." *Segura*, 747 F.3d at 330. An error that is subject to reasonable dispute is not clear or obvious. *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009).

The question here is whether the district court clearly erred in relying on a "Statement of Reasons" attached to a New Jersey state court judgment to narrow the statute of conviction. This court's prior opinion found we had "not yet had occasion to elaborate on *how* a judgment may be used." *Solano-Hernandez*, 847 F.3d at 177. Continuing, we stated that a judgment

7

may certainly be used for establishing the *fact* of conviction or to show *which part* of the statute a defendant was convicted of.  But if the judgment includes narrowing facts, the overriding requirement remains that they must be "explicit factual findings[s] by the trial judge *to which the defendant assented.*"

*Id.* (emphasis and alteration in original) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Our holding was based on established legal principles, including the Supreme Court's guidance in *Shepard*.  Further, we have held in the context of considering whether an alien is removable for having been convicted of an aggravated felony that, "[u]nlike the charging document, the guilty plea, or the factual basis for the plea confirmed by the defendant, sentencing reasons and factors do not simply define the charge and the defendant's guilty plea, but, instead, frequently refer to facts neither alleged nor admitted in court." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 468-69 (5th Cir. 2006).

Reliance on the "Statement of Reasons" was clear or obvious error.

### C. Effect on Substantial Rights

A sentencing error affects a defendant's substantial rights when there is a reasonable probability that the defendant would have received a less severe sentence absent the error.  *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).  A defendant need only show that the erroneous, higher sentencing range "set the wrong framework for the sentencing proceedings." *Molina-Martinez*, 136 S. Ct. at 1345.  If a defendant is sentenced based on an incorrect Guidelines range, "the error itself can, and most often will, be sufficient to show" that his substantial rights were affected.  *Id.*  However, if the record supports that the district court believed the sentence imposed was appropriate regardless of the correct Guidelines range or the sentence was

based on "factors independent of the Guidelines," a defendant may be unable to demonstrate an effect on his substantial rights even if an incorrect Guidelines range was used. *Id.* at 1346-47.

While the district court denied Solano-Hernandez's motion for downward departure or variance, it did not indicate that the same sentence would be imposed regardless of the relevant Guidelines range or that the sentence was based "on factors independent of the Guidelines." *See id.* at 1347. But for the erroneous assessment of the twelve-level enhancement, Solano-Hernandez would have been subject to, at most, an eight-level enhancement under Section 2L1.2(b)(1)(C) for having been previously deported after a conviction for an aggravated felony: namely, his January 2013 conviction for illegal entry under Section 1326(b)(2). The total offense level would therefore have been 13, not 17, and the Guidelines range would have been 18 to 24 months instead of 30 to 37 months. U.S.S.G. ch. 5,pt. A. He has shown an effect on his substantial rights. *See, e.g.*, *Molina-Martinez*, 136 S. Ct. at 1346-47.

### D. Exercise of Discretion

Solano-Hernandez contends that this court should exercise its discretion to remedy the error in this case in light of *Rosales-Mireles*, arguing that, because of the district court's error, his sentence was greater than the correct Guidelines range and no countervailing factors justify the sentence imposed.

In *Rosales-Mireles*, the Court concluded that, in a typical case, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will "seriously affect the fairness, integrity, or public reputation of the judicial proceedings." 138 S. Ct. at 1911. Further, an error that resulted in a higher Guidelines range generally establishes a reasonable probability that the defendant will serve a sentence greater than needed to fulfill the objectives of

incarceration: "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings" because mistakes under the Guidelines are the result of judicial error and can easily be addressed through resentencing. *Id.* at 1907-08. The Court also noted there that ensuring that calculations under the Guidelines are correct promotes certainty and fairness and reduces the possibility that the public will have a diminished view of the judicial process and its integrity. *Id.* at 1908.

The Court nonetheless conceded that any exercise of discretion under the fourth prong "inherently requires a case-specific and fact-intensive inquiry." *Id.* at 1909 (citation omitted). Indeed, "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Id.* The Court did not provide a full list of potential "countervailing factors." It did state that the defendant's criminal history does not help to explain whether a plain Guidelines error, which may have resulted in a longer sentence than is merited in light of that history, seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1910 & n.5. The Court also indicated that the ultimate reasonableness of a sentence imposed based on an erroneous Guidelines range is immaterial because substantive reasonableness is a "separate inquiry from whether an error warrants correction under plain-error review." *Id.* at 1910.

This court recently applied *Rosales-Mireles* in the context of a plain Guidelines error involving the erroneous application of a crime-of-violence enhancement under Section 2L1.2(b)(1)(A)(ii). *United States v. Sanchez-Arvizu*, 893 F.3d 312, 317-18 (5th Cir. 2018). In that case, we held that the specific facts of the case and the sentencing disparity generated by the error are relevant when deciding whether to exercise our discretion to correct the

No. 15-41554
c/w No. 15-41582

error.  *Id.* at 317.  We reasoned that a 21-month disparity between the sentence imposed and the top of the correct Guidelines range represented an error that compromised the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  We therefore rejected the Government's assertion that the court should decline to exercise its discretion because of the defendant's recidivistic behavior, noting that a defendant's criminal history is irrelevant to the analysis for the fourth prong of the plain error analysis.  *Id.* at 317-18 (citing *Rosales-Mireles*, 138 S. Ct. at 1910 & n.5).

So too here.  This case falls well within the "ordinary" range of cases in which this court should exercise its discretion to correct sentencing errors.  Solano-Hernandez's recidivism and criminal history, which were previously cited as bases not to correct the error, are no longer relevant to a consideration of whether this court should exercise its discretion to correct an error after *Rosales-Mireles*.  Further, the degree of error — a six-month disparity between the sentence imposed and the top of the correct guidelines range — does not clearly preclude this court from addressing the error.  *See Sanchez-Arvizu*, 893 F.3d at 317 (citing cases in which sentencing disparities of two and eight months were reversible plain error).

We VACATE Solano-Hernandez's sentence for illegal reentry and REMAND for resentencing.

11