# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40884

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2019

Lyle W. Cayce
Clerk

Consolidated with 16-40887

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

v.

AURELIANO VILLARREAL-GARCIA,

> Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-81-1
USDC No. 5:15-CR-1406-1

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before JONES, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

In 2017, we affirmed Aureliano Villarreal-Garcia's conviction and sentence for illegal reentry after deportation. We concluded that the district court plainly erred at sentencing but determined that the error did not affect

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40884
c/w 16-40887

"the fairness, integrity, or public reputation of judicial proceedings." The United States Supreme Court granted a writ of certiorari, vacated our judgment, and remanded for further consideration. We vacate and remand for resentencing.

**I**

In 2014, Aureliano Villarreal-Garcia pleaded guilty after a grand jury indicted him for illegal reentry. The district court sentenced him to fifteen months of imprisonment, followed by three years of supervised release. The conditions of supervised release prohibited him from illegally reentering the United States if he was deported. Villarreal-Garcia served his prison sentence and was deported to Mexico in 2015. A few months later, before the term of supervised release expired, he was found in the United States.

A grand jury indicted Villarreal-Garcia for illegal reentry. In 2016, the district court accepted his guilty plea. The Government sought to revoke his supervised release in his 2014 illegal reentry case. The district court sentenced him to twenty-four months for the new illegal reentry conviction and twelve months for the supervised release revocation. The district court determined that the terms must run consecutively. The district court also sentenced him to three years' supervised release upon his release from prison. The parties agree that on June 8, 2018, Villarreal-Garcia completed his prison sentence and was subsequently deported.

While still imprisoned, Villarreal-Garcia appealed his prison sentence, arguing that the district court applied an improper sentencing range and improperly concluded that his sentences must run consecutively. On appeal, we agreed with Villarreal-Garcia that the district court plainly erred with regard to the sentencing range and by concluding that the sentences must run

No. 16-40884
c/w 16-40887

consecutively.[1] The correctly calculated Guidelines range was 21 to 45 months, rather than the cumulative 36 to 48 month range applied by the district court.[2] However, because we concluded that the thirty-six month sentence did not affect "the fairness, integrity, or public reputation of judicial proceedings," we declined to exercise our discretion to correct the plain error.[3]

After we affirmed the district court's judgment, the Supreme Court decided *Rosales-Mireles v. United States* regarding the standard of review for determining whether the fairness, integrity, or public reputation of judicial proceedings will be preserved absent correction to a sentence.[4] The Supreme Court remanded Villarreal-Garcia's case and instructed this court to consider the appeal in light of *Rosales-Mireles*.[5] Further, because Villarreal-Garcia only challenged the length of his sentence and he had completed the sentence and was deported before the Supreme Court remanded, the Court also instructed this court to consider whether the appeal is moot.[6] We requested supplemental briefing as to (1) whether the appeal is moot, and (2) how *Rosales-Mireles* affects the fourth prong of plain-error review in this case.

## II

Villarreal-Garcia concedes that the appeal of his twelve-month sentence upon revocation of the supervised release is moot but maintains that the appeal of his twenty-four month sentence is not. The Government argues that

---

[1] *United States v. Villarreal-Garcia*, 685 F. App'x 297, 297-98 (5th Cir. 2017) (per curiam), *vacated*, 138 S. Ct. 2701 (2018).

[2] *Id.*

[3] *Id.* at 298-99.

[4] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908-09 (2018).

[5] *Villarreal-Garcia*, 138 S. Ct. at 2702.

[6] *Id.*

the appeal is moot because Villarreal-Garcia did not challenge on appeal his term of supervised release.

"A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation. A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."[7] "Once the convict's sentence has expired . . . some 'collateral consequence' of the conviction . . . must exist if the suit is to be maintained."[8] We review the question of mootness de novo.[9]

Although Villarreal-Garcia has completed his twenty-four-months' sentence for the 2016 illegal reentry, he remains subject to a three-year term of supervised release. The district court may alter or terminate Villarreal-Garcia's term of supervised release on resentencing if it determines that the defendant was incarcerated beyond the term of the sentence that would have been imposed had there not been error in the original sentencing.[10] Because Villarreal-Garcia is subject to a term of supervised release that is subject to modification by the district court, his appeal is not moot.[11]

## III

When, as here, an objection is forfeited, we review only for plain error.[12] "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been

---

[7] *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)).

[8] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted).

[9] *Lares-Meraz*, 452 F.3d at 355 (citation omitted).

[10] *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *see also Lares-Meraz*, 452 F.3d at 355.

[11] *Johnson*, 442 F.3d at 918; *Lares-Meraz*, 452 F.3d at 355.

[12] *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir 2012) (citations omitted).

substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice."[13]    We have already determined that the first three prongs of plain-error review are satisfied.[14]    The only remaining issue is how *Rosales-Mireles* affects our fourth prong analysis.   Villarreal-Garcia argues that *Rosales-Mireles* makes clear that the fourth prong is satisfied.   The Government does not address *Rosales-Mireles*.

In *Rosales-Mireles*, the Supreme Court held that "[i]n the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."[15]   The Court said that such an error "is precisely the type of error that ordinarily warrants relief under Rule 52(b)."[16] In *Rosales-Mireles*, an error in the calculation of the prisoner's criminal history caused the district court to consider an incorrect Guidelines range of 77 to 96 months of imprisonment instead of the correct range of 70 to 87 months.[17] "[A]n error resulting in a higher range than the Guidelines provide usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than 'necessary' to fulfill the purposes of the incarceration."[18]   Further, "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the

---

[13] *Id.* (citing *United States v. Olano*, 507 U.S. 725 (1993); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005)).

[14] *United States v. Villarreal-Garcia*, 685 F. App'x 297, 297-98 (5th Cir. 2017) (per curiam), *vacated*, 138 S. Ct. 2701 (2018).

[15] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

[16] *Id.* at 1907.

[17] *Id.* at 1905.

[18] *Id.* at 1907 (quoting 18 U.S.C. § 3553(a)).

No. 16-40884
c/w 16-40887

district court plays in calculating the range and the relative ease of correcting the error."[19]  The Court noted that "[t]he mere fact that [a] sentence falls within the corrected Guidelines range does not preserve the fairness, integrity, or public reputation of the proceedings."[20]  Likewise, a defendant's criminal history "does not help explain whether [a] plain procedural error . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings."[21]  Still, any exercise of discretion under the fourth prong "inherently requires 'a case-specific and fact-intensive' inquiry."[22]

This case falls within the "ordinary" range of cases in which this court should exercise its discretion to correct sentencing errors.  Villarreal-Garcia's recidivism and criminal history, which we previously cited as bases not to correct the errors,[23] "are no longer relevant to a consideration of whether this court should exercise its discretion to correct an error after *Rosales-Mireles*."[24]  There is "proof of a plain Guidelines error that affect[ed his] substantial rights,"[25] and we are unaware of any "countervailing factors" to warrant a deviation from the ordinary rule.[26]

\* \* \*

For the foregoing reasons, we VACATE Villarreal-Garcia's sentence and REMAND for resentencing**.**

---

[19] *Id.* at 1908.

[20] *Id.* at 1910.

[21] *Id.* at 1910 n.5; *United States v. Sanchez-Arvizu*, 893 F.3d 312, 317-18 (5th Cir. 2018).

[22] *Id.* at 1909 (quoting *Puckett v. United States*, 556 U.S. 129, 142 (2009)).

[23] *United States v. Villarreal-Garcia*, 685 F. App'x 297, 298-99 (5th Cir. 2017) (per curiam), *vacated*, 138 S. Ct. 2701 (2018).

[24] *United States v. Solano-Hernandez*, No. 15-41554, 2019 WL 626151, at \*5 (5th Cir. Feb. 13, 2019) (unpublished).

[25] *Rosales-Mireles*, 138 S. Ct. at 1909 n.4.

[26] *See id.* at 1909.